UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMOTHY REAVES,                              *
                                             *
                    Petitioner,              *
                                             *
        v.                                   *        Civil Action No. 16-cv-10169-IT
                                             *
OSVALDO VIDAL,                               *
                                             *
                    Respondent.              *

MEMORANDUM & ORDER

March 13, 2017

I.    Introduction

       Petitioner Timothy Reaves has filed a Petition Under 28 U.S.C. § 2254 for Writ of

Habeas Corpus by a Person in State Custody [#1], to which Respondent Osvaldo Vidal filed a

Motion to Dismiss Petition for Writ of Habeas Corpus [#9]. Respondent asserts that the petition

is time-barred pursuant to 28 U.S.C. § 2244(d)(1) because the statute of limitations for filing the

petition expired on September 22, 2002. Petitioner has presented "extraordinary circumstances,"

however, warranting equitable tolling. For the reasons set forth in this memorandum, the court

DENIES Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [#9].

II.   Background

       On April 25, 1996, a jury found Petitioner guilty of murder in the first degree.

Commonwealth v. Reaves, 434 Mass. 383 (2001). After Petitioner pursued his direct appeal, the

Massachusetts Supreme Judicial Court affirmed his conviction on June 21, 2001. Id. On April

30, 2010, Petitioner filed a motion for a new trial, which was denied on July 28, 2010. Resp't

Mot. Dismiss Pet. for Writ Habeas Corpus ("Resp't Mot. Dismiss"), Mass. Super. Ct. Docket 1-2

[#9-1]. Petitioner then filed an application under Mass. Gen. Laws. ch. 278 § 33E for leave to

appeal the denial of his motion for new trial, which was denied on September 21, 2015. Resp't

Mot. Dismiss, Mass. Sup. J. Ct. Docket 1-2 [#9-3].

On January 25, 2016, Petitioner filed his <u>Petition Under 28 U.S.C. § 2254 for Writ of</u>

<u>Habeas Corpus by a Person in State Custody</u> [#1] here. Petitioner raises five grounds for habeas

relief: (1) insufficient evidence for the grand jury to reach the indictment, (2) ineffective

assistance of trial counsel, (3) an overzealous prosecutor/conflict of interest theory, (4)

impermissible burden shifting in the jury instructions, and (5) ineffective assistance of appellate

counsel. <u>Id.</u> Respondent moved to dismiss the case, arguing that because the statute of limitations

for filing a petition for a writ of habeas corpus expired on September 22, 2002, and because

Petitioner did not file his Petition until January 25, 2016, that Petition is time-barred under 28

U.S.C. 2244(d)(1). Resp't Mem. Supp. Mot. Dismiss Pet. for Writ Habeas Corpus 3 ("Resp't

Mem.") [#10].

Petitioner is a permanent quadriplegic, <u>Pet. Under 28 U.S.C. § 2254 for Writ of Habeas</u>

<u>Corpus by a Person in State Custody</u> ¶ 14 ("Pet.") [#1], with no strength and limited sensation

below his neck, Opp'n Resp't Mot. Dismiss Pet. for Writ Habeas Corpus ("Opp'n Mot.

Dismiss"), Ex. A, Affidavit of Leslie Morse, D.O. ¶¶ 8-9 ("Morse Aff.") [#29-1], and who

cannot move his body from his chest down other than to move his shoulders and upper arms in

jerky movements, <u>id.</u> at ¶¶ 12-13. His arms are contracted at the elbow and cannot be

straightened, and his hands are contracted into fists. <u>Id.</u> at ¶¶ 13-14. As a result, Petitioner is

"unable to write or manipulate papers," "cannot hold a piece of paper in order to read it," and

"cannot hold a pen to write for" himself, Opp'n Mot. Dismiss, Ex. C, Affidavit of Timothy M.

Reaves ¶ 23 ("Reaves Aff.") [#29-1]; Pet. ¶ 14 [#1]. Petitioner also suffers from bilateral hearing

loss, Opp'n Mot. Dismiss, Ex. B Audiology Report 1 [#29-1], and cannot understand what others are saying unless he is able to read their lips, Reaves Aff. ¶ 35 [#29-1].

Since at least 1999, Petitioner has been confined to his bed. Morse Aff. ¶ 17 [#29-1]. That same year, Petitioner requested writing assistance, as well as access to law library and legal materials, from the Massachusetts Department of Correction. Opp'n Mot. Dismiss, Ex. D, McLaughlin Letter to Maloney 2, 4 ("1999 Letter") [#29-1]. Petitioner subsequently filed two lawsuits against the Massachusetts Department of Correction to obtain this assistance. The first lawsuit settled in 2005, and the settlement agreement required the Massachusetts Department of Correction to provide Petitioner with Correctional Program Officers to provide him with the sought-after writing assistance. Opp'n Mot. Dismiss, Ex. E, Settlement Agreement ¶ 6 [#29-1]. As of December 2008, Petitioner reported that he was once again without this assistance. Opp'n Mot. Dismiss, Ex. G, Petit Letter to O'Donnell 2 [#29-1], and as of July 7, 2015, Petitioner stated that his requests for speak-to-text dictation programs have been denied. Reaves Aff. ¶ 25 [#29-1]. The second lawsuit, which addresses, among other things, Petitioner's request for writing assistance, is currently pending. Opp'n Mot. Dismiss, Ex. H, Compl. ¶ 58 [#29-1]. Petitioner states that to the extent any assistance was provided by the Massachusetts Department of Correction, that assistance would not have enabled Petitioner to file a habeas petition because "DOC officials would not let DOC staff to assist me in legal matters (filing motions to the courts for criminal matters)." Pet. ¶ 14 [#1].

III.   Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to a state-court judgment may obtain relief through a petition for a writ of habeas corpus if his or her confinement violates the United States Constitution or federal laws or

treaties. 28 U.S.C. § 2254. A petitioner has one year to file a petition, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," including a ninety day period after the state supreme court's decision during which the petitioner could file a petition for certiorari to the Supreme Court. 28 U.S.C. § 2244(d)(1)(A).

The statute of limitations for federal habeas corpus is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling if he can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Id. at 653 (citations omitted). The circumstances preventing timely filing "must be extraordinary before equitable tolling can be applied." Id. at 653-54. "Garden variety" neglect or "miscalculation" does not warrant equitable tolling. Id. at 650-51; see Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). Although courts should "draw upon decisions made in other similar cases for guidance," they must be mindful "that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Holland, 560 U.S. at 650. Thus, the determination of whether equitable tolling applies "must be made on a case-by-case basis." Id. at 649-50 (quoting Baggett v. Bullitt, 377 U.S. 360, 375 (1964)).

IV.   Discussion

There is no doubt that the statute of limitations for filing the habeas petition has expired. Thus, the only remaining question is whether equitable tolling applies. Petitioner asserts that he

has shown two grounds for extraordinary circumstances: (1) his physical disabilities, and (2) his

lack of access to legal resources. He also asserts that he has diligently pursued his rights in the

face of these obstacles.

    *A.  Petitioner Has Demonstrated Extraordinary Circumstances.*

        1.  Petitioner's Physical Disabilities

Petitioner asserts that his physical disabilities constitute extraordinary circumstances that

stood in the way of filing his Petition. Although the First Circuit has not specifically addressed

whether physical medical conditions qualify as extraordinary circumstances, at least two other

circuits have held that physical medical conditions can qualify as extraordinary circumstances

warranting equitable tolling. See Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011) (finding

hospitalization of a significant length that included six surgeries, bed confinement, and heavy

medication constituted extraordinary circumstances); Alonzo v. Pliler, 53 F. App'x 854, 855 (9th

Cir. 2003) (finding extraordinary circumstances where staff beat prisoner, broke his glasses

thereby rending him unable to read and write, and failed to provide replacement glasses);

Carpenter v. Douma, 840 F.3d 867, 872 (7th Cir. 2016) ("[W]e do not doubt that a physical

illness or other health issue could also justify equitable tolling if that issue was severe enough to

actually prevent timely filing."); cf Riva v. Ficco, 615 F.3d 35, 40 (1st Cir. 2010) (holding that

"mental illness can constitute an extraordinary circumstance" justifying equitable tolling).

Petitioner, a permanent quadriplegic, cannot hold a piece of paper, hold or write with a

pen, or hear without lip reading. Without assistance, Petitioner was physically incapable of

preparing and filing a habeas petition. Nor was Petitioner provided with that assistance, which he

requested as early as April 1999, three years before the statute of limitations ran. Both before and

after Petitioner's December 2005 settlement agreement with the Massachusetts Department of

Correction, Petitioner's requests for writing assistance were denied or ignored. Moreover, to the extent such assistance was provided by Massachusetts Department of Correction employees, those employees were prohibited from assisting Petitioner in filing a petition for a writ of habeas corpus. In these circumstances, Petitioner's disability, combined with inadequate writing assistance, constitutes extraordinary circumstances warranting equitable tolling. See Harper, 648 F.3d at 137; Alonzo, 53 F. App'x at 855.

      2.  Lack of Access to Legal Resources

Petitioner also argues that his lack of access to legal resources constitutes extraordinary circumstances. Equitable tolling may be appropriate where a prisoner has experienced a lack of access to necessary legal resources. For example, equitable tolling may be appropriate where the prisoner has been denied access to his legal file. See Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (finding that "confiscation of a prisoner's legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling"); Espinoza-Matthews v. California, 432 F.3d 1021, 1027 (9th Cir. 2005) (finding it "unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period without access to his legal file."). Similarly, equitable tolling may be appropriate where the prisoner does not have the means to access legal materials. See Mendoza v. Carey, 449 F.3d 1065, 1071 (9th Cir. 2006) (finding lack of access to Spanish-language legal materials or translator may entitle non-English speaker to equitable tolling).

Petitioner has been confined to his bed since at least 1999, when he reported that he had been unable to access the law library at any facility where he was incarcerated. 1999 Letter ¶ 13 [#29-1]. Petitioner also reports that as of January 2016, "DOC staff have confiscated or withheld my criminal legal documents, such as: trial transcripts on cassettes, briefs pertaining to my

criminal trial, any and all decisions by the courts that have been furnished to me, case law, and other legal documents having to do with my conviction." Pet. ¶ 14 [#1]. Petitioner's lack of access to a law library, combined with the confiscation of his legal files, constitutes extraordinary circumstances justifying equitable tolling. See Mendoza, 449 F.3d at 1071; Valverde, 224 F.3d at 133.

B. *Petitioner Diligently Pursued His Rights.*

Petitioner must also show that he has diligently pursued his rights. The evidence suggests that he has. Petitioner repeatedly sought writing assistance as early as 1999, three years before the statute of limitations ran. He also filed two lawsuits against the Massachusetts Department of Correction to obtain this writing assistance. His repeated attempts to secure writing assistance show reasonable diligence. See Holland, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence").

Moreover, the fact that Petitioner has filed other grievances, civil lawsuits, and appeals does not fatally undermine his argument for equitable tolling. See Riva, 615 F.3d at 43 (finding that managing to file other actions within tolling time period is not decisive to whether equitable tolling applies). Many of these filings in part requested writing assistance, which would have then allowed Petitioner to file a habeas petition. In addition, the primary purpose of these filings was to obtain proper medical care and other accommodations for his disability. The fact that Petitioner used his limited writing assistance to pursue these basic needs should not be fatal to his argument for equitable tolling. Accordingly, Petitioner has shown that he pursued his rights diligently.

V.      Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss Petition for Writ of Habeas

Corpus [#9] is DENIED.

IT IS SO ORDERED.


Date: March 13, 2017                                            /s/ Indira Talwani_____
                                                               United States District Judge